UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE KEARNEY, | ) |
| | ) |
| Plaintiffs | ) |
| | )   CAUSE NO. 3:06-CV-726 RM |
| vs. | ) |
| | ) |
| J. EVANS, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

George Kearney, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

> showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Kearney alleges that the defendants took his brace, prostheses, hand crutches, and/or wooden crutches, denying him medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Deliberate indifference is a very high standard. Liability under § 1983 attaches only where a defendant acts with "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). Liability does not attach if the defendants are merely negligent, incompetent, unreasonable, or committing medical malpractice. *See* Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004), Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995), and Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Crutches, braces, canes, etc. are not medical treatment, they are merely aids to mobility. Therefore taking them is not a denial of medical treatment, it is merely a restriction of his mobility. Furthermore, to prevail in a medical case, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. Walker v. Peters, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a

claim of deliberate indifference relating to his treatment . . ..") Mr. Kearney does not allege, and based on this complaint it would not be reasonable to infer, that he has suffered any actual physical injury because of the removal of these mobility aides. Additionally, to the extent that these mobility aides could possibly be medical treatment, a prisoner "is not entitled to demand specific care [nor] . . . entitled to the best care possible." <u>Forbes v. Edgar</u>, 112 F.3d 262, 267 (7th Cir.1997). Therefore the loss of these items is merely a claim for property loss.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq*.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. <u>Wynn v. Southward</u>, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") Even the theft of legal materials is merely a property loss if the papers are replaceable. <u>Hossman v. Spradlin</u>, 812 F.2d 1019 (7th Cir. 1987). Because Mr.

3

Kearney has an adequate state law remedy, the denial of his property was not a constitutional violation. Therefore these claims will be dismissed without prejudice.

Finally, Mr. Kearney alleges that the taking of this property violated a 1997settlement agreement in a prior lawsuit that he filed in the United States District Court for the Southern District of Indiana. To the extent that he seeks to enforce that settlement agreement, he must bring such a claim in that court and under the same cause number in which the settlement was reached. It is not for this court to enforce that settlement agreement in a new lawsuit.

For the foregoing reasons, the court:

    (1) DISMISSES WITHOUT PREJUDICE the claims for a loss of property and for enforcement of his prior settlement agreement;

    (2) DISMISSES WITH PREJUDICE all other claims; and

    (3) DISMISSES this case pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: November  29 , 2006

                        /s/ Robert L. Miller, Jr.
                        Chief Judge
                        United States District Court